1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10    DOUGLAS IVERS,

11                 Plaintiff,                     Case No.  C07-5656RJB-KLS

12          v.                                    REPORT AND
                                                  RECOMMENDATION
13    FEDERAL BUREAU OF ALCOHOL,                   Noted for June 27, 2008
      TOBACCO AND FIREARMS,
14
15                 Defendant.

16

17          This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§

18    636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the

19    Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

20    12(b)(1). (Dkt. #12).  Having reviewed defendant's motion, plaintiff's response to that motion,

21    defendant's reply thereto, and the remaining record, the undersigned submits the following report and

22    recommendation for the Honorable Ronald J. Bryan's review.

23                        FACTUAL AND PROCEDURAL BACKGROUND

24          On December 16, 2004, the Seattle Field Division of the United States Department of Justice's

25    Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") forwarded to the ATF's Disclosure

26    Division a letter, dated December 3, 2004, from plaintiff. (Dkt. #12-3, p. 2).  Plaintiff requested in that

27    letter copies of all records pertaining to himself. (Dkt. #12-4, Exhibit A).  The ATF's Disclosure Division

28    received the letter on December 17, 2004. (Dkt. #12-3, p. 2).

REPORT AND RECOMMENDATION
Page - 1

1    In a letter dated January 14, 2005, the ATF's Disclosure Division informed plaintiff that before it

2 could take any action on his request, proof of his identity – in the form of his notarized signature or of a

3 "self-certification" – was required. (Dkt. #12-3, p. 2, #12-4, Exhibit B).  Plaintiff also was informed that

4 his request would be "processed under the provisions of the FOIA [Freedom of Information Act, 5 U.S.C.

5 § 552]," and that by law, the ATF had 20 business days within which to respond thereto. (Exhibit #12-4,

6 Exhibit B).

7    In a letter dated January 31, 2005, which the ATF's Disclosure Division received on March 2,

8 2005, plaintiff responded to the January 14, 2005 letter, and provided his notarized signature. (Dkt. #12-3,

9 p. 2, Dkt. #12-4, Exhibit C).  The ATF's Disclosure Division responded to that letter with a letter dated

10 March 8, 2005, in which it acknowledged plaintiff's FOIA records request, stated that the request was

11 received on March 2, 2005, and informed plaintiff that a response thereto would be mailed to him within

12 20 business days from the date of receipt of the request. (Dkt. #12-3, p. 2, Dkt. #12-4, Exhibit D).

13    In a letter dated March 14, 2005, the ATF's Disclosure Division stated that it was responding to

14 plaintiff's FOIA request, further informing plaintiff in relevant part as follows:

15    We have searched our computer system, for criminal records based on the information
     you provided, and failed to locate any information about you.  This is not a denial.  We
16    can perform additional searches if you tell us why you feel certain ATF would maintain
     records about you, or describe the circumstances under which you had contact with
17    ATF.  This information will reasonably describe the records you seek, and enable us to
     conduct further searches.

18

19    You may submit a request for an Administrative Appeal by writing to the Office of
     Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570,
20    Washington, DC 20530-0001.  Your letter of appeal must be received within 60 days
     from the date of this letter, indicate that your appeal concerns ATF records, and include
     the "REFER TO" number that appears at the upper right of this letter.  Your letter of
21    appeal should state any arguments in support thereof.

22    Although you have the right to appeal, in your best interest, we suggest you provide
     this office with any additional information you may have first, as the appeal process
23    can be quite lengthy.

24 (Dkt. #12-3, p. 2, Dkt. #12-4, Exhibit E (emphasis in original)).

25    On November 29, 2007, the ATF's Disclosure Division received from plaintiff a "Freedom of

26 Information/Privacy Act Request" form, dated October 27, 2007, in which plaintiff requested "[a]ll files

27 containing any information concerning myself." (Dkt. #12-3, p. 3, #12-4, Exhibit F).  In a letter dated that

28 same date, the ATF's Disclosure Division acknowledged receipt of this request, and informed plaintiff

REPORT AND RECOMMENDATION
Page - 2

1   that a response would be mailed to him within 20 business days from the date of receipt thereof. (Dkt.

2   #12-3, p. 3, Dkt. #12-4, Exhibit G).  In a letter dated December 4, 2007, the ATF's Disclosure Division

3   responded to plaintiff's request, stating in relevant part as follows:

4       A second search of our records has failed to produce the requested information.  This is
        not a denial; rather it is to advise you that we are unable to locate any records based on
5       the additional information you provided concerning yourself.

6       Please see our letter dated March 14, 2005, you were given your Administrative Appeal
        rights at that time (see enclosure).  However; [sic] since we have conducted another
7       search, your appeal rights now date from the date of this letter.

8   (Dkt. #12-3, p. 3, Dkt. #12-4, Exhibit H).

9       On January 7, 2008, the ATF's Disclosure Division received a "Request for Public Disclosure

10  Records" form, dated December 12, 2007, in which plaintiff requested:

11      All Documents compiled by or in conjunction with the Portland OREGON/Vancouver
        WASHINGTON FielD OFFICES OF THE ATF, THAT PERTAIN IN ANYWay
12      WITH DOUGLAS IVERS.  Also, Any Documents GENERATED BY ANY OTHER
        LAW Enforcement GENERATED BY ANY OTHER LAW Enforcement OFFICES,
13      AND COMMUNICATED WITH THE ATF, INCLUDING JIMMY PaCKARD AND
        Lelland STIFE.
14
    (Dkt. #12-3, p. 3, Dkt. #12-4, Exhibit I).  In regard to that request, in a letter dated January 7, 2008, the
15
    ATF's Disclosure Division stated in relevant part:
16
        Enclosed is a copy of the original response letter dated December 4, 2007, sent to you.
17      Your most recent letter asks for information about two individuals (Jimmy Packard and
        Lelland Stife).  However, you have not provided notarized waivers of privacy from
18      either individual; therefore we are unable to conduct a search.  Please be advised that in
        that letter you were given your Administrative Appeal rights.
19
        Should you have any questions, please write again or call . . .
20
    (Dkt. #12-3, pp. 3-4, Dkt. #12-4, Exhibit J).
21
        On January 23, 2008, the ATF's Disclosure Division received a letter from plaintiff, in which he
22
    stated that the two individuals named in his December 12, 2007 letter were ATF agents who knew him,
23
    and that he was not actually seeking any information regarding those agents. (Dkt. #12-3, p. 4, Dkt. #12-
24
    4, Exhibit K).  Plaintiff also accused the ATF Disclosure Division of stalling his requests, stated that
25
    Jimmy Packard, one of the two ATF agents noted above, should be contacted regarding the records he
26
    requested, and threatened to file a lawsuit if his requests were delayed any longer. (Id.).
27
        In a letter dated January 23, 2008, the ATF's Disclosure Division again acknowledged plaintiff's
28
    request, which it stated was received that same day, and informed him that a response would be mailed

REPORT AND RECOMMENDATION
Page - 3

1   within 20 business days from the date of receipt. (Dkt. #12-3, p. 4, Dkt. #12-4, Exhibit L).  In a second

2   letter, dated January 24, 2008, the ATF's Disclosure Division stated that it was responding to plaintiff's

3   request, stating further in relevant part as follows:

4   > You were given your Administrative Appeal rights in our letter dated December 4,
>    2007.  To file your request for an appeal, please write to the United States Department
5   >    of Justice, Office of Information and Privacy, 1425 New York Avenue, Suite 11050,
>    Washington, DC 20530-0001.
6
> We will take no further action.
7
> Should you have any question, please do not hesitate to write again or call . . .
8
9   (Dkt. #12-3, p. 4, Dkt. #12-4, Exhibit M).

10          On November 21, 2007, plaintiff filed a complaint under the FOIA, in which he alleges defendant

11  failed to produce the records pertaining to him that he had requested. (Dkt. #1 and #5-#6).  He requests

12  both declaratory and injunctive relief, as well as costs. (Dkt. #6, p. 3).  On April 14, 2008, defendant filed

13  its motion to dismiss. (Dkt. #12).  On April 16, 2008, plaintiff filed an amended complaint (Dkt. #13), and

14  on April 23, 2008, he filed a memorandum in response to defendant's motion (Dkt. #14).  Defendant filed

15  a reply to plaintiff's response on May 9, 2008. (Dkt. #15).

16          In its motion to dismiss, defendant argues the complaint should be dismissed because plaintiff has

17  failed to exhaust his administrative remedies under the FOIA.  Specifically, defendant asserts plaintiff has

18  not properly pursued his administrative appeal rights regarding his records requests.  Plaintiff argues he

19  has filed an administrative appeal with the Department of Justice's Office of Information and Privacy, but

20  because he never received a response therefrom, he brought this current lawsuit.  Defendant counters that

21  plaintiff's assertion to the contrary, he has failed to come forth with any proof of such an appeal, and thus

22  dismissal of his complaint is proper here.  The undersigned agrees, and for that reason, finds plaintiff has

23  failed to exhaust his administrative remedies, and therefore, recommends the Court dismiss the complaint

24  without prejudice.

                                    DISCUSSION

25  I.      Standard of Review and Opportunity to Develop the Record

26          As noted above, defendant's motion has been brought pursuant to Fed. R. Civ. P. 12(b)(1), which

27  concerns the defense of lack of subject matter jurisdiction.  However, the exhaustion of administrative

28  remedies under the FOIA "is not a jurisdictional requirement." Taylor v. Appleton, 30 F.3d 1365, 1367

REPORT AND RECOMMENDATION
Page - 4

1    n.3 (11th Cir. 1994); see also Hidalgo v. Federal Bureau of Investigation, 344 F.3d 1256, 1258 (D.C. Cir.

2    2003) ("[T]he exhaustion requirement is not jurisdictional because the FOIA does not unequivocally

3    make it so.").[1]  Rather, the failure to exhaust non-judicial remedies that are not jurisdictional should be

4    treated as a matter in abatement subject to an "unenumerated" Fed. R. Civ. P. 12(b) motion. Wyatt v.

5    Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); see also Ritza v. International longshoremen's and

6    Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (finding that although no defense described in

7    Fed. R. Civ. P. 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have

8    entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such

9    motions lies in court's inherent power to regulate actions pending before it).

10        In deciding whether to grant a motion to dismiss for a failure to exhaust administrative remedies,

11   the Court "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20; Ritza, 837

12   F.2d at 369 (district court has broad discretion as to method used in resolving factual disputes arising in

13   connection with jurisdictional or related types of motions, such as matters in abatement; no presumptive

14   truthfulness attaches to plaintiff's allegations, and existence of disputed material facts will not preclude

15   district court from evaluating for itself claims' merits).  If the Court does look beyond the pleadings "to a

16   factual record in deciding the motion to dismiss for failure to exhaust," however, it "must assure" plaintiff

17   "has fair notice of his opportunity to develop a record."[2] Wyatt, 315 F.3d at 1120 n. 14.  In addition, if the

18   Court concludes that exhaustion has not occurred, "the proper remedy is dismissal of the claim without

19   prejudice." Wyatt, 315 F.3d at 1120.

20   II.    Exhaustion of Administrative Remedies

21        It is widely recognized that the exhaustion of a party's administrative remedies "is required under

22   the FOIA before that party can seek judicial review." United States v. Steele, 799 F.2d 461, 465 (9th Cir.

23

24        [1]See I.A.M. Nat'l Pension Fund Ben. Plan C. v. Stockton TRI Indus., 727 F.2d 1204, 1208 (D.C. Cir. 1984 ("Only when
25   Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has
     come to a decision . . . has the Supreme Court held that exhaustion is a jurisdictional prerequisite."); 5 U.S.C. § 552(a)(6)(A), (C),
26   (setting forth administrative remedies and appeal process, and discussing, but not expressly requiring exhaustion thereof).

27        [2]The undersigned concludes that plaintiff has had such notice here.  Defendant attached a number of exhibits to the motion
     to dismiss.  Plaintiff has not objected to the Court's consideration thereof.  Nor has plaintiff complained that he has not been given
28   the time or opportunity to supplement the record with his own exhibits.  Indeed, as noted above, plaintiff himself refers to evidence
     outside the pleadings – namely, that he filed an administrative appeal in this matter – though he provided no copy thereof.  As such,
     the undersigned deems it proper to look beyond the pleadings in this matter in deciding defendant's motion.

REPORT AND RECOMMENDATION
Page - 5

1   1986); see also Taylor, 30 F.3d at 1367 (FOIA clearly requires exhaustion of all administrative remedies

2   before seeking redress in federal courts); Dettman v. U.S. Dep't of Justice, 802 F.2d 1472, 1476 (D.C.

3   Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases."); Hymen v.

4   Merit Systems Protection Board, 799 F.2d 1421, 1423 (9th Cir. 1986) (FOIA requires administrative

5   appeals to be exhausted before suit may be brought in federal court); Hedley v. United States, 594 F.2d

6   1043, 1044 (5th Cir. 1979) (FOIA should be read to require proof of exhaustion of administrative

7   remedies prior to seeking judicial review).

8   　　　　The purpose of the exhaustion requirement is "to allow a federal agency to exercise its discretion

9   and authority, as well as create a descriptive factual record for the district court to review if necessary."

10  Taylor, 30 F.3d at 1367-68; see also Hidalgo, 344 F.3d at 1158-59; Steele, 799 F.2d at 466.  A party who

11  makes a records request under the FOIA "must request specific information in accordance with published

12  administrative procedures," and "have the request improperly refused before that party can bring" suit in

13  federal court. Steele, 799 F.2d at 466.  "Where no attempt to comply fully with agency procedures has

14  been made," judicial review will not be had. Id.

15  　　　　The Department of Justice, of which as noted above the ATF is a part, has promulgated

16  procedures for requesting records under the FOIA. See 28 C.F.R. Pt. 16, Subpt. A.  To request records

17  thereunder, the requesting party "must describe the records . . . in enough detail to enable Department

18  personnel to locate the system of records containing them with a reasonable amount of effort." 28 C.F.R.

19  § 16.41(b); see also 20 C.F.R. § 16.3(a).  "Whenever possible," the party's "request should describe the

20  records sought, the time periods in which" the party believes "they were compiled, and the name or

21  identifying number of each system of records in which" the party believes they are kept." Id.  The

22  procedures then go on to sate in relevant part:

23  　　　. . . Description of records sought. You must describe the records that you seek in
    　　　enough detail to enable Department personnel to locate them with a reasonable amount

24  　　　of effort. Whenever possible, your request should include specific information about
    　　　each record sought, such as the date, title or name, author, recipient, and subject matter

25  　　　of the record. . . . As a general rule, the more specific you are about the records or type
    　　　of records that you want, the more likely the Department will be able to locate those

26  　　　records in response to your request. If a component [separate bureau, office, board,
    　　　division, commission, service, or administration of the Department] determines that

27  　　　your request does not reasonably describe records, it shall tell you either what
    　　　additional information is needed or why your request is otherwise insufficient. The

28  　　　component also shall give you an opportunity to discuss your request so that you may
    　　　modify it to meet the requirements of this section. If your request does not reasonably

REPORT AND RECOMMENDATION
Page - 6

1    describe the records you seek, the agency's response to your request may be delayed.

2    28 C.F.R. § 16.3(b); see also 28 C.F.R. § 16.1(b).  Futher, when a party requests records about himself or

3    herself, that party must verify his or her identity by stating his or her full name, current address and date

4    and place of birth. 20 C.F.R. § 16.41(d).  The requesting party also either must sign the request with a

5    notarized signature or submit the request under a federal statute permitting statements to be made under

6    penalty of perjury as a substitute for notarization. Id.

7        Pursuant to 5 U.S.C. § 552(a)(6)(A) of the FOIA:

8        Each agency, upon any request for records . . . shall--
         (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays)
9        after the receipt of any such request whether to comply with such request and shall
         immediately notify the person making such request of such determination and the
10       reasons therefor, and of the right of such person to appeal to the head of the agency any
         adverse determination . . .

11   Under the Department of Justice's procedures, "[o]n receipt of a request, a component ordinarily shall
12
     send an acknowledgement letter to the requester . . . and provide an assigned request number for further
13
     reference." 28 U.S.C. § 16.6(a).  Those procedures additionally provide in relevant part:
14
15       (b) Grants of requests. Ordinarily, a component shall have twenty business days from
         when a request is received to determine whether to grant or deny the request. Once a
         component makes a determination to grant a request in whole or in part, it shall notify
16       the requester in writing. The component shall inform the requester in the notice of any
         fee charged . . . and shall disclose records to the requester promptly on payment of any
17       applicable fee. . . .

18       (c) Adverse determinations of requests. A component making an adverse determination
         denying a request in any respect shall notify the requester of that determination in
19       writing. Adverse determinations, or denials of requests, consist of: a determination to
         withhold any requested record in whole or in part; a determination that a requested
20       record does not exist or cannot be located; a determination that a record is not readily
         reproducible in the form or format sought by the requester; a determination that what
21       has been requested is not a record subject to the FOIA; . . . The denial letter shall . . .
         include:

22
         . . .
23
         (2) A brief statement of the reason(s) for the denial . . . ;
24
         . . .
25
         (4) A statement that the denial may be appealed under § 16.9(a) and a description of the
26       requirements of § 16.9(a).

27   The Department of Justice's procedures regarding administrative appeals, in turn, are set forth in relevant

28   part as follows:

REPORT AND RECOMMENDATION
Page - 7

1

2

3

4

5

(a) Appeals of adverse determinations. If you are dissatisfied with a component's response to your request, you may appeal an adverse determination denying your request, in any respect, to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530- 0001. You must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request. Your appeal letter may include as much or as little related information as you wish, as long as it clearly identifies the component determination (including the assigned request number, if known) that you are appealing. . . . :

6

. . .

7

(b) Responses to appeals. The decision on your appeal will be made in writing. . . .

8

9

(c) When appeal is required. If you wish to seek review by a court of any adverse determination, you must first appeal it under this section.

10

28 C.F.R. § 16.9; see also 5 U.S.C. § 552(a)(6)(A)(ii) (if on appeal agency upholds denial of request for

11

records in whole or in part, person making such request shall be notified of provisions for judicial review

12

of that determination).

13

III.     Plaintiff's FOIA Requests

14

As noted above, prior to seeking judicial review of a denial by a component of the Department of

15

Justice – i.e., the ATF – of a request for records under the FOIA, the person making that request first must

16

exhaust all administrative remedies, including properly appealing any adverse determination as directed

17

in the applicable agency procedures promulgated therefor.  Failure to do so precludes such review,

18

requiring dismissal of the complaint without prejudice.  This is precisely what defendant is arguing in its

19

motion to dismiss, and what the undersigned finds the facts in the record set forth above show.

20

Plaintiff argues he filed a total of four records requests and supplied defendant with all

21

information they required in order to comply with those requests.  Despite this, plaintiff asserts, defendant

22

refused to release the records he requested.  The facts, however, reveal that defendant did not refuse to

23

release any requested documents, but rather no records concerning plaintiff could be located based on the

24

information provided to the ATF.  While plaintiff certainly sincerely may believe such records exist, he

25

has come forth with no evidence – other than his unsubstantiated allegation that he knows and has had

26

dealings with two ATF agents – that any do exist or that the ATF is intentionally withholding them.

27

In addition, plaintiff's statement that he "filed an administrative appeal directly to the [Department

28

of Justice's] Office of Information and Privacy," with respect to "which no response was received," also

lacks any factual support in the record. (See Dkt. #14, p. 1).  Plaintiff has not provided the Court with any

REPORT AND RECOMMENDATION
Page - 8

1  documentation that an appeal was made, or was made in writing and made within the time period allowed

2  therefor as required.  Indeed, it is apparent plaintiff did not appeal any of his FOIA requests, as the Office

3  of Information and Privacy appears to have no records of such.[3] (See Dkt. #12-3, pp. 4-5).

4      Plaintiff requests the Court take into consideration that he is proceeding *pro se*, and therefore that

5  he should be held to less strict standards than are attorneys.  However, while ordinarily, a *pro se*

6  complaint is to be "liberally construed," such liberal construction "may not supply essential elements of"

7  a claim not initially pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (citation omitted).  Thus,

8  "[v]ague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss." Id.  Plaintiff

9  is missing an essentially element to his claim here.  That is, as discussed above, he has failed to plead, let

10 alone show, that he properly has exhausted his administrative remedies in this case.

11     Plaintiff further argues he acted in good faith in his attempts to comply with all of the obstacles he

12 alleges the ATF placed in his way in its attempts to obstruct his efforts.  Also as discussed above though,

13 regardless of what plaintiff may believe the ATF has improperly done, he has provided no evidence that

14 such obstruction was intended or in fact occurred.  Indeed, the record clearly indicates the opposite is

15 true, as it appears the ATF properly complied with all statutory and regulatory requirements – including

16 timely acknowledgment of receipt of and response to plaintiff's records requests and notification of his

17 appeal rights and responsibilities – imposed by the FOIA.

18     Lastly, with respect to the amended complaint plaintiff filed, the undersigned recommends the

19 Court deny that as well.  Again, plaintiff fails to allege in his amended complaint that his administrative

20 remedies have been exhausted.  Even if the amended complaint can be read to include such an allegation,

21 however, it still remains deficient, as plaintiff has provided no evidence, as discussed above, that the

22 exhaustion of administrative remedies in fact did occur.

                                    CONCLUSION

24     For the foregoing reasons, the undersigned recommends that the Court grant defendant's motion

25 to dismiss. (Dkt. #12).  As discussed above, plaintiff has failed to exhaust all available administrative

26

27     [3]Plaintiff further asserts defendant's argument that he did not appeal any of his FOIA records requests is without merit,
because he filed an appeal with the Office of Information and Privacy concerning a request for records from the Federal Bureau
28 of Investigation, and was provided with an appeal number in response to that appeal.  As noted by defendant, however, to the extent
that such an appeal was made – again, no documented evidence of this was presented by plaintiff – it has no relevance to the issue
of whether an appeal regarding any of the ATF record requests had been taken.

1 remedies concerning the claims raised therein, and therefore his complaint should be dismissed without

2 prejudice under Fed. R. Civ. P. 12(b).

3       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the

4 parties shall have ten (10) days from service of this Report and Recommendation to file written

5 objections thereto. <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

6 objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

7 imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 27, 2008**,

8 as noted in the caption.

9       DATED this 5th day of June, 2008.

10

11

12               Karen L. Strombom

13               United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 10